BRIDGE and others vs. BRACKEN.

1. TAX DEED — EVIDENCE. — A tax deed executed by a collector of taxes under sec. 23, page 49, Terr. Stat., is *prima facie* evidence only of the regularity of the *sale or auction*, but not of the regularity or validity of the previous proceedings, and in order to show that the tax deed passed title, it is necessary to show by evidence *aliunde*, the validity and regularity of the proceedings upon which the right to sell the lands for taxes depended.

SAME. — Tribunals and officers of limited jurisdiction must confine themselves to the powers conferred on them, and they can take nothing by intendment. Any person claiming by virtue of their acts must show affirmatively the regularity of their proceedings. Nothing that is essential to the validity of their proceedings can be presumed.

(3 Chand., 75.)

ERROR to the late District Court for *Rock* County.

*Bracken* brought ejectment against *Jeremiah Bridge, George Bridge* and *Donald Johnson*, to recover certain real estate in Green county, and the place of trial was changed to Rock county.

At the trial the plaintiff produced in evidence a patent from the United States to William Madden for the premises in question, and a conveyance from said Madden and his wife to himself of the same lands.

The defendants gave in evidence a deed describing the lands in question, from the clerk of the board of county commissioners of Green county to *Jeremiah Bridge*, one of the defendants, and one Harcourt, dated December 23, 1843, which recited, among other things, that the said premises had been sold by the collector of Green county for taxes due the county for the year 1841; also a deed of the same lands from Harcourt and wife to said *Jeremiah Bridge*, and another deed thereof from said *Bridge* and wife to the defendant *Donald Johnson*. No other evidence was produced.

The circuit judge charged the jury, that it was incumbent upon the defendants, inasmuch as they claimed title under a

tax deed, to show that all the proceedings connected with the levy of the tax and the sale, and execution of the deed, were in strict compliance with the statute, in all things that were material; and that the defendants having failed to offer any testimony to that effect, did not show any title in themselves, sufficient to bar the plaintiff from recovering under his deed.

The jury found a verdict for the plaintiff, and the plaintiff had judgment.

*Jas. H. Knowlton,* for plaintiff in error, argued that the circuit judge erred in the charge to the jury, 1. Because the statute made the deed *prima facie* evidence that the sale was regular. 2. The statute gives the like force and effect to a tax deed as is given by law to other conveyances.

*M. M. Cothren and D. H. Chandler,* for defendants in error.

Where lands are sold for taxes and a deed is executed therefor to the purchaser, it is not *prima facie* evidence, of itself, that the proceedings required by the statute have been complied with, they must be shown affirmatively and clearly, *aliunde* the deed. 3 Peters' Dig., 468; 9 Cranch, 64; 3 Cond. Rep., 271; 6 Wheaton, 119; 5 Cond. Rep., 28; 6 Peters' 328; 6 Missouri, 64; 3 Ohio, 232; 4 Cranch, 412; 4 Peters' Rep., 349; *Thatcher v. Powell,* 4 Wheat., 77; 5 Ohio, 370; 18 Johns., 442; 2 Denio, 322; 3 id., 603; 2 Comst., 69; 19 Yerg., 49; id., 470.

2. That the patent shown in evidence by the plaintiff, and which bears a prior date to any of the deeds to the defendants, was the source and origin of all title, and paramount to any title shown by the defendants, and must prevail; and that by the statute, nothing was declared to be *prima facie* evidence but the deed executed by the proper officer, which it was contended could have no relation to the incipient and intermediate acts necessary to be performed, prior to the giving the deed; that those incipient and intermediate acts were to be performed by other functionaries, than the officer who made the deed; and the deed itself, making no mention of the primary or interme-

Bridge and others vs. Bracken.

diate acts, could not be made *prima facie* evidence of anything other than what was contained in it.

LARRABEE, J. The instructions of the judge to the jury in the court below were correct. The plaintiff below showed title derived directly from the government, which was undisputed, and a deed from the patentee to himself.

The defendants below, to substantiate their title, produced a succession of deeds, having for source of title a sale made by a collector for taxes levied upon the lands in question.

The deed from the collector showed the sale by a recital merely; and no proof was offered or given, showing the levying of the tax, or any intermediate proceedings, up to the time of sale and the execution of the deed.

The statute provides for various acts to be done by the county commissioners and other officers under them, which are requisite in order to legalize a sale and conveyance for taxes, and without which no title can be passed as against the person who holds the original title, or a title deduced from it.

By the territorial revised statutes of 1839, p. 44, the assessors are to be elected and qualified in the manner prescribed by the third section. By the fifth section, the assessors are required to deliver their assessment roll to the board of county commissioners by a time certain ; the land assessed is to be described by the number of acres and the value, and to be designated by the description as found on the map of original surveys; and the right of appeal to the board of commissioners by the owner of the land is provided for.

By the seventh section it is provided that the assessors shall give two weeks' notice in some newspaper printed in the county, or by posting notices, that they will meet on a certain day for the purpose of correcting errors in the assessment roll. Then, after various provisions requiring further steps to be taken, section 22 provides, that after *complying with the foregoing provisions*, the collector may sell to the highest bidder, and deliver to the purchaser a certificate of sale.

Section 23, then, among other things, provides that after the period of redemption has expired, the collector shall execute a deed to the purchaser or his assigns, which shall vest in the person to whom it is given, an absolute estate in fee simple; "and such conveyance shall be *prima facie* evidence that the sale was regular, according to the provisions of this act; and every such conveyance, executed and acknowledged, may be recorded, and have like force and effect as other conveyances when acknowledged and recorded."

None of the acts required by the statute, except the sale and the execution of the deed, appear to have been shown on the trial. The essential steps before referred to are mostly, if not all, required to be made matters of record in the archives of the county; and make up essential ingredients in rendering legal the assessment and all proceedings up to the sale.

It is an almost universal principle that in sales of property made by an officer by virtue of process issuing from a tribunal of limited jurisdiction, he should be invested with the needful legal right for that purpose, and a purchaser upon a sale made by the officer in ordinary, and perhaps in all cases where the right to sell is contested, is bound to show the regularity of the principal proceedings incipient to the sale.

The process may be regular on its face, and may contain recitals of regular proceedings to justify its issue and execution; but a want of jurisdiction to issue it would be fatal to the validity of the sale.

Tribunals of limited jurisdiction must literally confine themselves within the powers prescribed by them; and in justification of their proceedings they can take nothing by intendment. No power is presumed; and the requisite authority must be shown.

The recitals in a deed given by an executive officer of the proceedings had by an inferior tribunal, from which he derives the power to sell, I apprehend, are very far from conclusive; and an action against such officer might well be maintained,

unless upon the trial he shows legal authority in the tribunal from which his process issued, for the justification of his acts.

The machinery provided by the statute for the assessment and levying of taxes is cumbersome; and it is committed to various hands for operation, and hence there is great opportunity for the intervention of errors.

In this cause, the plaintiff in the court below showed clear evidence of title in himself to the land in question. The defendants could not defeat the plaintiff's recovery unless they produced a better title, or one paramount to it, as derived from a higher source, or by a legal record, showing title out of the plaintiff and vesting it in them, the defendants. It is true, they showed a sale of the premises and a deed to themselves, based upon such sale. But the proceedings constituting the legal right for making such sale were not shown. The recitals in the deed gave no jurisdiction to the officers who created the machinery by which the sale was effected. The acts of those officers should have been shown, and have been found to be in accordance with the provisions of the statute under which they assumed to act. The *record* of their proceedings was vitally essential to the defendants, without which, we hold they could not sustain their defense.

But it was claimed by the counsel for the plaintiffs in error, that the concluding part of the 23d section of the act before referred to legalized the deed, and vested a title in the defendants below. The words of the statute are: "and such conveyance shall be *prima facie* evidence that the *sale* was regular according to the provision of this act."

I apprehend that, after the plaintiff has produced his patent and the deed derived under it, and which was not disputed, that *prima facie* evidence or any other evidence which did not fully and clearly annul the patent and deed, could have but little force. *Prima facie* evidence is not potent enough to disturb a clearly established record; and this evidence was not

even *prima facie*, except by being made so by arbitrary enactment.

But the provision of the statute did not make the deed evidence of anything except the regularity of the sale, the mere *auction;* nor did the deed import anything beyond the sale itself by the officer who made it.

The judgment of the court below is affirmed.